UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 1:21-cr-0023 |
| v. ) | |
| ) | |
| WILLIAM VOSS ) | |

## PLEA AGREEMENT

Defendant WILLIAM VOSS, represented by his counsel Matthew J. Duncan, and the United States of America, represented by Assistant United States Attorney Tara M. Lyons, respectfully state to this Honorable Court that they have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1.  **GUILTY PLEA**

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of Title 18 U.S.C. Section 2252A(a)(5)(B).

2.  **ELEMENTS AND FACTUAL BASIS**

The elements necessary to prove the offense charged in Count One are (1) that Defendant knowingly possessed an item or item(s) of child pornography; (2) the item(s) of child pornography had been shipped or transported in or affecting interstate or foreign commerce; and (3) when the Defendant possessed the item(s), the Defendant believed the item(s) were and contained child pornography.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements, and had the matter proceeded to trial, the United States would have proven the facts beyond a reasonable doubt:

At least on or about May 13, 2020, in Burke County, within the Southern District of Georgia, the defendant,

## WILLIAM VOSS

did knowingly possess child pornography as defined in Title 18, United States Code, Section 2256(8)(A), that is, any visual depiction of a minor, any person under 18 years old, engaged in sexually explicit conduct, one or more of such images depicting a prepubescent minor or any person under 12 years old engaged in sexually explicit conduct said images having been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

All done in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

3. **STATUTORY PENALTIES**

Defendant understands that the crime to which he is pleading guilty subjects him to the following maximum possible sentence: 20 years' imprisonment, not less than 5 years' supervised release up to life, a $250,000.00 fine, a mandatory $100.00 special assessment pursuant to 18 U.S.C. § 3013, a $5,000.00 special assessment pursuant to 18 U.S.C. § 3014, no more than $17,000.00 pursuant to 18 U.S.C. §2259A, such restitution as may be ordered by the Court, forfeiture of all forfeitable assets and registration as a sex offender under the Sex Offender Registration and

2

Notification Act. Defendant further understands that by pleading guilty defendant may become ineligible for certain federal benefits. **Defendant's guilty plea will subject him to a mandatory minimum sentence of 10 years**.

4.   **NO PROMISED SENTENCE**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.   **COURT'S USE OF SENTENCING GUIDELINES**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.   **AGREEMENTS REGARDING SENTENCING GUIDELINES**

   a.   Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

b. <u>Acceptance of Responsibility</u>

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

c. <u>Low End of Guidelines Range</u>

The government will recommend that Defendant be sentenced to the low end of the advisory Guidelines range determined by the Court at sentencing.

7. **DISMISSAL OF OTHER COUNTS**

At sentencing, the Government will move to dismiss all other Counts of the Indictment that remain pending against Defendant.

8. **FORFEITURE**

a. Defendant agrees to forfeit his interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the Title 18 offense to which he has agreed to plead guilty, which includes, but may be limited to:

- SILVER DELL INSPIRON LAPTOP MODEL; and
- Blue Samsung Galaxy S10 IMEI:354605100386893 (SUBJECT PROPERTY).

b.  Defendant states that he is the sole and rightful owner of the Subject Property which to the best of his knowledge, no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered his interest in the Subject Property. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

c.  Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d.  Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

9. **FINANCIAL OBLIGATIONS AND AGREEMENTS**

   a. *Restitution*

   The Defendant understands and acknowledges that the Court must order restitution for the full amount of the victim(s)' losses pursuant to 18 U.S.C. § 2259. Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing unless the Court orders otherwise.

   b. *Special Assessment*

   Defendant agrees to pay a special assessment in the amount of $100.00 payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

   c. *Required Financial Disclosures*

   Upon request by the Government or United States Probation, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

   d. *Financial Examination*

Upon request by the United States, the Defendant agrees to submit to a financial deposition or interview and provide all documents within the Defendant's possession or control regarding the Defendant's financial resources and that of the Defendant's household.

    e.    *No Transfer of Assets*

Defendant certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations or forfeiture created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future, and that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset for the purpose of evading or defeating his restitution obligation.

    f.    *Material Change in Circumstances*

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs in this case. Such notification will be made within ten days of the event giving rise to the changed circumstances.

    g.    *Enforcement*

The Defendant agrees that all monetary penalties imposed by the Court, including restitution, are due immediately and subject to immediate enforcement by the Government. Defendant agrees that any partial restitution payments made by the Defendant do not preclude the Government from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution

obligation. The Defendant understands and agrees that if a payment schedule (other than "due immediately") is imposed by the Court, it is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will immediately be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

10. **WAIVERS**

    a. *Waiver of Appeal*

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b. *Waiver of Collateral Attack*

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

c. *FOIA and Privacy Act Waiver*

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

## 11. SEX OFFENDER REGISTRATION

Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d).

Independent of supervised release, he will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout his life.

12. **DEFENDANT'S RIGHTS**

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. **SATISFACTION WITH COUNSEL**

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

14. **BREACH OF PLEA AGREEMENT**

Defendant breaches this agreement if, prior to sentencing in his case, he fails to comply with any of the terms of this agreement, withdraws or attempts to withdraw his guilty plea, refuses to accept responsibility for his criminal conduct, obstructs justice by tampering with witnesses or evidence, or commits any new crimes. If Defendant breaches the plea agreement, the government is released from any agreement herein regarding the calculation of the advisory Sentencing

Guidelines or the appropriate sentence. In addition, the Government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15. **ENTIRE AGREEMENT**

This agreement contains the entire agreement between the Government and Defendant. The Government has made no promises or representations except those set forth in writing in this Plea Agreement. The United States further denies the existence of any other terms or conditions not stated herein. No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

6/1/21
Date

Patricia G. Rhodes
Deputy Branch Chief, Criminal Division

06/01/21
Date

Tara M. Lyons
Assistant United States Attorney

11

I have consulted with my counsel and fully understand all my rights with respect to the Indictment and Information pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. I have read and carefully reviewed this agreement with my counsel. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

21 MAY 2021
Date

William Voss, Defendant

I am the attorney for Defendant. I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

May 24, 2021
Date

Matthew Duncan, Defendant's Attorney

12

Case 1:21-cr-00023-JRH-BKE   Document 34   Filed 06/30/21   Page 13 of 13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 1:21-cr-0023 |
| v. ) | |
| ) | |
| WILLIAM VOSS ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 30th day of June 2021.

HONORABLE J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA